**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND, | ) | |
| | ) | CASE NO.: 15-CV-10580 |
| Plaintiff, | ) | |
| vs. | ) | JUDGE: |
| | ) | |
| GERRESHEIMER GLASS, INC. f/k/a KIMBLE GLASS, INC., a Delaware Corporation; J.J. DAY, INC., an Indiana Corporation; UNKNOWN OWNERS and NON-RECORD CLAIMANTS, | ) | MAG. JUDGE: |
| | ) | |
| Defendant. | ) | |

**VERIFIED COMPLAINT**

NOW COMES the Plaintiff, the STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND ("PENSION FUND"), by and through its attorneys, JOHNSON & KROL, LLC, complaining of the Defendants GERRESHEIMER GLASS, INC. f/k/a KIMBLE GLASS, INC. ("GERRESHEIMER GLASS"), J.J. DAY, INC. ("JJ DAY") and UNKNOWN OWNERS and NON-RECORD CLAIMANTS, and allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and the Illinois Mechanics' Lien Act, 770 ILCS §60/1 et seq. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. §1331, and under the Court's supplemental jurisdiction, 28 U.S.C. §1367(a).

2. Venue is proper in this Court pursuant to 29 U.S.C. §1132(e)(2) in that the PENSION FUND, the Structural Iron Workers Local Union No. 1 Welfare Fund, the Structural Iron

Workers Local Union No. 1 Annuity Fund, the Apprenticeship Training and Journeyman's Retraining Fund, the Nation I.W. Apprenticeship Fund, and the Local No. 1 Scholarship Fund (collectively the "TRUST FUNDS") are administered at 7700 Industrial Drive, Forest Park, Illinois 60130, and pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Northern District of Illinois, Eastern Division.

**PARTIES**

3. The TRUST FUNDS have been established pursuant to collective bargaining agreements entered into between Local Union No. 1 of the International Association of Bridge, Structural, Ornamental, and Reinforcing Iron Workers, AFL-CIO ("Union") and the Associated Steel Erectors of Chicago, Illinois ("Principal Agreement"), and therefore are multi-employer plans under 29 U.S.C. §1002.

4. The TRUST FUNDS are administered pursuant to the terms and provisions of certain Agreements and Declarations of Trust (the "Trust Agreements").

5. The PENSION FUND is required to receive, hold, and manage all monies required to be contributed to the TRUST FUNDS and is the authorized collection agent under the Principal Agreement and Trust Agreements for contributions and deductions to the TRUST FUNDS required under the Principal Agreement.

6. The Union is the bargaining representative of Defendant JJ DAY's bargaining unit employees.

7. The Defendant JJ DAY is an Indiana Corporation with its principal place of business located in Muncie, Indiana, who performed work at 1131 Arnold Street, Chicago Heights, Illinois 60411.

8. The Defendant GERRESHEIMER GLASS is a Delaware Corporation who is the owner of the property located at 1131 Arnold Street, Chicago Heights, Illinois 60411 and who hired JJ DAY as the General Contractor to perform wok on the subject property.

9. There may be other parties who have, or may claim to have some interest, title or claim in the premises whose identity is unknown and unascertainable to the Plaintiff at this time and who are joined at this time as "UNKNOWN OWNERS and NON-RECORD CLAIMANTS."

**FACTUAL ALLEGATIONS PERTINENT TO ALL COUNTS**

10. Defendant JJ DAY is an employer engaged in an industry effecting commerce which entered into the National Maintenance Agreement with the International Association of Bridge, Structural, Ornamental and Reinforcing Iron Workers, AFL-CIO effective June 30, 2015. (A copy of the National Maintenance Agreement is attached as Exhibit 1).

11. Through the National Maintenance Agreement referred to in paragraph 10, Defendant JJ DAY also became bound by the provisions of the TRUST FUNDS' Trust Agreements.

12. Pursuant to the provisions of the National Maintenance Agreement and the Trust Agreements, JJ DAY is required to make monthly reports of hours worked by covered employees and pay contributions to the PENSION FUND at the negotiated rate. The monthly reports and contributions during all times relevant were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to Section 502(g)(2) of ERISA, the provisions of the National Maintenance Agreement and Trust Agreements, employers who fail to submit their monthly contribution reports and contributions to the PENSION FUND on a timely basis are responsible for the

payment of liquidated damages equal to twenty percent (20%) of the amount unpaid and interest at the rate of prime plus two percent (2%) for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

14. Pursuant to the National Maintenance Agreement, JJ DAY is required to deduct Union wage assessments from its bargaining-unit employee's paychecks and remit payments of those dues to the PENSION FUND.

**COUNT I – BREACH OF CONTRACT**

15. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-14 of this Complaint with the same force and effect as if fully set forth herein.

16. JJ DAY has failed to pay contributions and Union wage assessments for the months of July, August, and September 2015 in the amount of $59,479.75.

17. As a result of its failure to submit timely contributions, JJ DAY owes $11,895.95 in liquidated damages and interest in the amount of $615.03 through November 20, 2015.

18. The PENSION FUND has been required to employ the undersigned attorneys to collect the monies that are due and owing from JJ DAY.

19. Plaintiff has complied with all conditions precedent in bringing this suit.

20. JJ DAY is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiff pursuant to the National Maintenance Agreement, the Trust Agreements and 29 U.S.C. §1132(g)(2)(D).

**WHEREFORE**, the Plaintiff respectfully requests that:

A. Judgment be entered in favor of Plaintiff and against Defendant JJ DAY in the amount of $59,479.75 for unpaid contributions and Union wage assessments to the Plaintiff for the months of July, August, and September 2015;

B. Judgment be entered in favor of Plaintiff and against JJ DAY for $11,895.95 in liquidated damages, $615.03 in interest for the late payment of the July, August, and September 2015 contributions and any additional interest that may accrue;

C. Defendant JJ DAY be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiff pursuant to the Collective Bargaining Agreement, Trust Agreement, and 29 U.S.C. §1132(g)(2)(D); and

D. Plaintiff have such other and further relief as this Court may deem just and equitable all at Defendant JJ DAY's cost pursuant to 29 U.S.C. §1132(g)(2)(E).

**COUNT II – FORECLOSURE OF MECHANICS LIEN**

21. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1-20 of this Complaint with the same force and effect as if fully set forth herein.

22. Defendant GERRESHEIMER GLASS is the owner of the property located at 1131 Arnold Street, Chicago Heights, Illinois 60411 (hereinafter referred to as "Arnold Street Property") legally described as follows:

PARCEL 1:
LOTS 25 TO 42 INCLUSIVE IN BLOCK 202 IN CHICAGO HEIGHTS SUBDIVISION IN THE NORTH ½ OF SECTION 21, TOWNSHIP 35 NORTH. RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS, ACCORDING TO THE PLAT THEREOF RECORDED AUGUST 17, 1990 AS DOCUMENT NO.2998558 IN COOK COUNTY, ILLINOIS.

PARCEL 2:
THE EAST ½ OF THE VACATED ALLEY LYING WEST OF AND ADJOINING PARCEL 1 AFORESAID.

PARCEL 3:
THE NORTH 1/2 OF VACATED 12TH STREET LYING SOUTH OF AND ADJOINING PARCELS 1 AND 2 AFORESAID;

PARCEL 4:

THAT PART OF THE SOUTHEAST ¼ OF THE NORTHEAST ¼ AND OF THE NORTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 21 AFORESAID, DESCRIBED AS FOLLOWS: BEGINNING AT A POINT ON THE EAST LINE OF ARNOLD STREET IN THE VILLAGE OF CHICAGO HEIGHTS, ILLINOIS, A DISTANCE OF 1261 FEET NORTH OF THE NORTHEAST CORNER OF ARNOLD STREET AND 14TH STREET PRODUCED; THENCE EAST ON A LINE PARALLEL WITH THE NORTH LINE OF 14TH STREET PRODUCED A DISTANCE OF 317 FEED; THENCE NORTH PARALLEL WITH THE EAST LINE OF ARNOLD STREET A DISTANCE OF 550 FEET; THENCE WEST ALONG A LINE PARALLEL WITH THE NORTH LINE OF 14TH STREET PRODUCED A DISTANCE OF 317 FEED TO THE EAST LINE OF ARNOLD STREET; THENCE SOUTH ALONG THE EAST LINE OF ARNOLD STREET A DISTANCE OF 550 FEET TO THE PLACE OF BEGINNING IN COOK COUNTY, ILLINOIS.

PARCEL 5:
LOT 1 IN THE SUBDIVISION THAT PART OF THE NORTH 101.24 FEED OF THE SOUTH 1294 FEET OF THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN LYING EAST OF THE EAST LINE OF ARNOLD STREET AND WEST OF A LINE 317 FEET EAST OF AND PARALLEL WITH THE EAST LINE OF ARNOLD STREET, ACCORDING TO THE PLAT OF SAID SUBDIVISION RECORDED MAY 19, 1919 AS DOCUMENT 6528858, IN COOK COUNTY, ILLINOIS.

PARCEL 6:
LOT 5 IN THE SUBDIVISION OF THAT PART OF THE NORTH 101.24 FEET OF THE SOUTH 1,294 FEET OF THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN BOUNDED BY THE WEST BY THE EAST LINE OF ARNOLD STREET AS PLATTED IN CHICAGO HEIGHTS; AND ON THE EAST BY A LINE 317 FEET EAST OF AND PARALLEL TO THE EAST LINE OF ARNOLD STREET IN COOK COUNTY, ILLINOIS.
PARCEL 7:
A PARCEL OF LAND IN THE SOUTHEAST ¼ OF THE NORTHEAST ¼ OF SECTION 21, TOWNSHIP 35 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, BOUNDED AND DESCRIBED AS FOLLOWS: BEGINNING AT A POINT WHICH IS 1,192.76 FEET NORTH OF THE EAST AND WEST CENTER SECTION LINE OF SAID SECTION, AND 306 FEET EAST OF THE EAST LINE OF ARNOLD STREET; THENCE EAST ALONG A LINE PARALLEL WITH THE EAST AND WEST CENTER SECTION LINE OF SAID SECTION, 11 FEET; THENCE SOUTHERLY ALONG A LINE

PARALLEL WITH THE EAST LINE OF ARNOLD STREET, 10 FEET; THENCE WESTERLY ALONG A LINE PARALLEL WITH THE EAST AND WEST CENTER SECTION LINE OF SAID SECTION, 2 FEET; THENCE NORTHWESTERLY 13.45 FEET TO THE POINT OF THE BEGINNING, IN COOK COUNTY, ILLINOIS.

23. Defendant GERRESHEIMER GLASS hired JJ DAY as the General Contractor for improvement of the Arnold Street Property.

24. All work conducted by JJ Day on the Arnold Street Property is subject to the National Maintenance Agreement.

25. In order to complete iron work on the Arnold Street Property, JJ DAY employed Union members under the National Maintenance Agreement who provided labor for the improvement of the Arnold Street Property.

26. JJ DAY failed to pay the Plaintiff $59,479.75 in fringe benefit contributions and Union dues assessments for work performed on the Arnold Street Property.

27. As of the date of this filing, GERRESHEIMER GLASS has failed to pay JJ DAY for its work on the Arnold Street Property.

28. As a result of GERRESHEIMER GLASS's failure to pay JJ DAY, JJ DAY has failed to pay Plaintiff the $59,479.75 owed to the Plaintiff for work performed by Union members under the National Maintenance Agreement on the Arnold Street Property.

29. Plaintiff last performed work on the Arnold Street Property on September 4, 2015.

30. On October 16, 2015, within ninety (90) days of September 4, 2015, the Plaintiff personally served a Notice of Claim for Lien on GERRESHEIMER GLASS's registered agent, CT Corporation System, pursuant to Section 24 of the Illinois Mechanics Lien Act (770 I.L.C.S. §60/24). (A copy of the Notice of Claim for Lien is attached as Exhibit 2); (A copy of the Affidavit of Service is attached as Exhibit 3).

31. On November 17, 2015, the Plaintiff recorded its Mechanic's Lien on the Arnold Street Property in the Office of Recorder of Deeds, Cook County, Illinois as Document Number 1532116019. (A copy of the Recorded Mechanic's Lien is attached as Exhibit 4).

32. Due to a scrivener's error, the lien recorded on November 17, 2015 stated that the Plaintiff was due $59,679.75. After review, Plaintiff determined that Plaintiff was due $59,479.75. As a result, on November 23, 2015, Plaintiff recorded an Amendment to the recorded Mechanic's Lien. (A copy of the Amendment is attached as Exhibit 5).

33. The Mechanic's Lien was recorded within four (4) months of September 4, 2015.

34. On November 18, 2015, Plaintiff served a copy of the Recorded Mechanic's Lien on GERRESHEIMER GLASS and, additionally, sent a copy to JJ DAY via U.S. First Class Mail. (A copy of the Affidavit of Service of Recorded Lien is attached as Exhibit 6); (A copy of the letter to JJ DAY is attached as Exhibit 7).

35. There may be other parties who have, or may claim to have some interest, title or claim in the premises whose identity is unknown and unascertainable to the Plaintiff at this time and who are joined at this time as "UNKNOWN OWNERS and NON-RECORD CLAIMANTS", but whose claim or interest is likewise, subject, subordinate, and inferior to the rights of Plaintiff.

36. Pursuant to Section 1 of the Illinois Mechanics Lien Act (770 I.L.C.S. §60/1), the Plaintiff may recover interest in the amount of ten percent (10%) per annum from the date its claim became due.

37. Plaintiff is entitled to a Mechanic's Lien, after allowing all credits, in the sum of $59,479.75 plus interest and costs on the improvements of the Arnold Street Property, and against the

moneys or other consideration due or to become due to the General Contractor JJ DAY from GERRESHEIMER GLASS.

38. The Plaintiff has satisfied all conditions precedent required by the Illinois Mechanics' Lien Act (770 I.L.C.S. §60/1 *et seq.*).

**WHEREFORE**, the Plaintiff respectfully requests that:

A. That GERRESHEIMER GLASS be directed to pay Plaintiff $59,479.75 plus interest at the rate of ten percent (10%) per annum from the date the Plaintiff's claim was made by a short date to be fixed by the Court;

B. That Plaintiff be decreed to have a first and priority lien on the premises and on sums due to the JJ DAY from GERRESHEIMER GLASS for the amounts found to be due to Plaintiff by virtue of the Illinois Mechanics' Lien Act (770 ILCS §60/1 *et seq.*) paramount and superior to all other liens upon the Arnold Street Property and on the sums due to JJ DAY from the GERRESHEIMER GLASS;

C. That in the event GERRESHEIMER GLASS defaults on the payment of $59,479.75 plus interest due to Plaintiff, the Arnold Street Property shall be sold to satisfy said sum, including interest and costs, and including the charges, costs, and expenses to sale;

D. That in case of sale and failure to redeem therefrom within the time allowed by law, all parties to this action and all persons claiming by, through, or under them, be forever barred and foreclosed from all rights and interest in and to said real estate and premises including equity of redemption;

E. That in case of sale and failure to redeem therefrom within the time allowed by a law, a Sheriff's Deed be issued to the purchaser at said sale or its assigns, and upon

the issuance of said Deed, the Grantee or Grantees therein be let into immediate possession;

F. That in case the proceeds of such sale shall be insufficient to pay in full the amount owed to Plaintiff, including interest and costs, and including the charges, costs and expenses of such sale, a deficiency decree be entered against GERRESHEIMER GLASS as may be found liable to pay the same and that execution may issue thereon;

G. That GERRESHEIMER GLASS be ordered to pay all Plaintiff's reasonable attorney's fees and costs pursuant to 770 ILCS §60/17; and

H. That Plaintiff have such other and further relief as this Court may deem just and equitable all at the Defendants' cost.

Respectfully Submitted,

**STRUCTURAL IRON WORKERS LOCAL UNION NO. 1 PENSION TRUST FUND**

Matthew D. Grabell – 6312929
One of Plaintiff's Attorneys

Matthew D. Grabell
Jeffrey A. Krol
Johnson & Krol, LLC
300 S. Wacker Drive, Suite 1313
Chicago, IL 60606
(312) 372-8587

# VERIFICATION

I, John Gardiner, the Fund Administrative Manager of the Structural Iron Workers Local Union No. 1 Pension Fund, verify under penalty of perjury that the foregoing is true and correct.

Mr. John Gardiner

Executed on November 20, 2015.